UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In re:                                                            Chapter 7

    Eileen Fogarty,

                  Debtor.                       Case No. 18-72498-las

**APPLICATION IN SUPORT OF CROSS-MOTION AND OPPOSITION TO DEBTORS' MOTION SEEKING SANCTIONS PURSUANT TO PURSUANT TO 11 U.SC. § 362**

**TO THE HONORABLE LOUIS A. SCARCELLA, U.S. BANKRUPTCY JUDGE:**

The statement of Bayview Loan Servicing, LLC ("Bayview"), its attorneys, Knuckles, Komosinski & Manfro, LLP, respectfully shows and alleges:

    1.    I am an associate in the law firm of Knuckles, Komosinski & Manfro, LLP, attorneys for Bayview Loan Servicing, LLC and, as such, am fully familiar with the facts, circumstances, and proceedings of this action.

    2.    I respectfully submit this statement in opposition the Motion of Debtor Eileen Fogarty (Debtor) for the entry of an order seeking, *inter alia* to vacate the foreclosure sale and for actual and punitive damages (the "Motion") and for other requested relief.

    3.    As shall be further stated below, Debtor's Motion should be denied in its entirety because Debtors have not established any violation of the automatic stay. Here, the Debtor is not obligor under the Note and Mortgage and is nothing more than a member of an LLC. As a bankruptcy filing by an individual LLC member does not stay acts against the LLC, sanctions are not warranted. Moreover, as Debtor's counsel was

3

already advised any applications for sanctions pursuant to 11 USC 362(d) was frivolous. As such, this Court should award Bayview's applications under Federal Rule of Bankruptcy Procedure 9011.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

4. In connection with a commercial loan, on August 3, 2005, 72 Grandview, LLC ("72 Grandview") executed, acknowledged and delivered to 20 Deare Road, LLC. ("Deare Road") a Note (hereinafter "Note") bearing said date, wherein and whereby it was covenanted and agreed that he would repay Bayview's assignor, the amount of $420,000.00 with interest thereon as set forth in the Note. As security for the Note, 72 Grandview duly executed, acknowledged and delivered to Bayview's assignor a certain mortgage (hereinafter "Mortgage") of the same date granting a mortgage lien on the Premises located at 72 Grandview Drive, Shirley, NY 11967 (the "Premises"). The Mortgage was recorded in the County of Suffolk on September 21, 2005 in Liber M00021132, at page 758. The Note and Mortgage were assigned to Bayview. A copy the Note, Mortgage and Assignment of Mortgage are collectively annexed hereto as **Exhibit A**.

5. 72 Grandview defaulted in making the payment due on January 9, 2010 pursuant to the Note, and each payment due monthly thereafter. See Exhibit B.

6. As a result of 72 Grandview's default thereon, Bayview commenced foreclosure proceedings (the "Foreclosure Action") by filing a Summons and Complaint with the Suffolk County Clerk (Index No. 2158/2011) on January 18, 2011. A copy of the Summons and Complaint is annexed hereto as **Exhibit B** (exhibits omitted).

7. On January 24, 2011, Debtor was served as an occupant in the foreclosure action and defaulted. A copy of the affidavit of service and Ecourts printout are collectively annexed hereto as **Exhibit C**.

8. Within said proceedings, the Honorable Joseph Pastoressa, J.S.C., granted a Judgment of Foreclosure and Sale, entered on February 14, 2018, ordering the sale of the Premises at public auction by and under the direction of the appointed referee. A copy of the Judgment of Foreclosure and Sale is annexed hereto as **Exhibit D**.

9. Thereafter, Bayview undertook efforts to schedule a sale on April 17, 2018 at 9:45 A.M. (the "Sale"). A copy of the Notice of sale is annexed hereto as **Exhibit E**.

10. On April 13, 2018, Debtor filed for relief under Chapter 7 of Bankruptcy Code.

11. On April 16, 2018 at 6:00 P.M., Debtor's counsel contacted Bayview's counsel claiming without any supporting legal authority that proceeding with the Sale would violate the automatic stay. See Debtor's Exhibit 5. In response, Bayview's attorney provided case law showing how Debtor's claims were unfounded and that if Debtor sought sanctions, Bayview would cross-move for sanctions under Federal Rules of Bankruptcy procedure 9011. *Id.*

12. Debtor's counsel did not respond to Bayview's counsel's prior last email until it filed the Motion, almost one month after the sale to a third party completed on April 17, 2018. See Debtor's Exhibits 5 and 6.

## DEBTOR FAILS TO ESTABLISH ANY BASIS FOR VIOLATION OF AUTOMATIC STAY

13.     Under 11 USC § 362(k), the party seeking damages for violation of the automatic stay must prove the following elements: (1) that a bankruptcy petition was filed, (2) that the debtor is an individual, (3) that the creditor received notice of the petition, (4) that the creditor's actions were in willful violation of the stay, and (5) that the debtor suffered damages.  In Re Leiba 529 B.R. 201 (Bankr. E.D.N.Y. 2015); In Re Wright, 328 B.R. 660 (Bankr. E.D.N.Y. 2005).  Here, Debtors fail to establish the last two (2) elements, that Creditor's actions were in willful violation of the stay and that the Debtors suffered damages.

14.     As stated above, Debtor is not an obligor under the Note and/or Mortgage.  In addition, Debtor has never had an ownership interest in the Premises.  As such, the mortgage debt which encumbered the Premises is not applicable to Debtor and the Premises cannot be included in the Debtor's estate or the bankruptcy estate and therefore is not subject to the instant Chapter 7 proceedings. In addition, the Note and Mortgage are not assumable.  Moreover, Debtor's only alleged interests are that she is a member of an LLC that owns the Premises and has a possessory interest.

    A.     Debtor's Alleged LLC Interest Does Not Trigger the Stay

15.     Debtor's alleged LLC interest is not supported by any documentation.  As such, this Court should disregard Debtor's interest in 72 Grandview.  However, in any event, such interest does not trigger the automatic stay.

16.     Section 362(a) of the Bankruptcy Code automatically stays an "action or proceeding against the debtor" and "any act ... to exercise control over property of the

estate." 11 U.S.C. §362(a). Thus, "formal distinctions between debtor-affiliated entities are maintained when applying the stay. A proceeding against a non-bankrupt corporation is not automatically stayed by the bankruptcy of its principal." See <u>Conti v. Blau</u>, 234 B.R. 627, 628 (Bankr. S.D.N.Y. 1999). There is "[n]o provision in the Code [permitting] an individual and a business to file jointly. Thus, when an LLC and one of its members both seek to file a bankruptcy petition, they must do so separately." See <u>In Re McCormick</u>, 381 B.R. 594 (Bankr. S.D.N.Y. 2008); citing <u>In re Calhoun</u>, 312 B.R. 380, 383 (Bankr.N.D.Iowa 2004). See Also, <u>Manson v. Friedberg</u>, 2013 WL 2896971 (S.D.N.Y. 2013) (rejecting Debtor's claim to apply stay from individual bankruptcy filing to property owned by limited liability company). This is because an LLC is distinct legal entity created under statute utilized to among things, shield individual members from liability. As such, there is no basis for an individual bankruptcy filing to stay actions against a corporate entity.

17. Even if Debtor was the sole shareholder of 72 Grandview, the bankruptcy courts of the Eastern District of New York have rejected applying the automatic stay. In <u>In Re Sheu</u>, the individual debtor argued that because he resides at the Property and is the sole owner of the shares of a Delaware corporation, QQ Network Corp. ("QQ Network"), in which title to the Property is vested, the protection of the automatic stay afforded to him should be extended to the Property. See <u>In Re Sheu</u>, 2009 WL 1794473 (Bankr. E.D.N.Y. 2009). This Court specifically rejected that argument, noting that:

> "the debtor here is not a corporation but an individual who seeks to extend the stay to a wholly owned non-debtor entity. Under such circumstances, courts have rarely extended the stay". In addition, "even were this Court to find that the debtor is the sole shareholder of QQ Network, that finding

alone would not result in a ruling in the debtor's favor. In forming a separate entity, the debtor revealed his intent to treat the QQ Network entity as distinguishable from himself so he could protect his personal assets from QQ Network's creditors and QQ Network's assets from his personal creditors." Therefore, the debtor's property interest in the QQ Network would be confined to the intangible rights of ownership allowed under the Delaware law. The debtor did not provide any satisfactory explanation why he did not have the corporation file its own bankruptcy case and therefore invoke the automatic stay on behalf of the company."

18. In this case, the facts are the same. Debtor is an individual who seeks to extend the stay to a wholly owned non-debtor entity. As such, this Court must deny Debtor's application to rescind the sale.

B. <u>Debtor's Possessory Interest Does Not Stay the Sale.</u>

19. Here, Debtor is not an obligor on the note and/or mortgage and has no personal liability for the Debt. Thus, the foreclosure sale does affect any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the bankruptcy action under 11 U.S.C. 362(a)(6) as Creditor is only proceeding *in rem* as it relates to the Premises. In short, there is no individual liability attached to Debtor.

20. Indeed, it is no mistake that Debtor cites to only one case for his claim that the court has authority to find authority that the Creditor violated the automatic stay from a proceeding with a foreclosure sale when a Debtor has only a possessory interest in the Premises. However, <u>In Re Ebadi</u>, is entirely factually distinguishable as the Debtor in that case was an obligor in the Note. Here, Debtor is not an obligor on the Note or Mortgage. Thus (unlike <u>In Re Ebadi</u>), there is no possibility of an individual claim against Debtor.

21. Further, the mere fact that Debtor is named as a party Defendant in the foreclosure action is immaterial. NY State Courts often *sua sponte*, add known tenants as parties to the foreclosure action in an effort to provide occupants with additional notice of foreclosure proceedings to supplement the RPAPL 1305 notice to tenants. Here, Debtor is named in the foreclosure action a party defendant as a known tenant at the request of the Court in an effort to provide her with additional notice of foreclosure proceedings. In addition, the occupants are added to the foreclosure action as party in the event ejectment proceedings are filed under RPL § 221. However, the mere fact that Debtor is a defendant in the foreclosure action does not alter her status a mere occupant of the Premises or impact the bankruptcy action. Thus, is it respectfully submitted that there is no violation of automatic stay.

22. None of the cases cited by Debtor mirror the circumstances of the instant case where a mere occupant that is not an obligor under the Note and/or Mortgage's stays a foreclosure sale.

23. However, *assuming arguendo*, this Court found Creditor to violate the automatic stay, Debtor fails to establish any grounds for sanctions. Debtor fails to establish that Creditor "willifully" violated the automatic stay. "Willful" in the context of § 362(k) means "any deliberate act taken in violation of the stay, which the violator knows to be in existence." See In Re Leiba 529 B.R. 201 (Bankr. E.D.N.Y. 2015), citing In re Crysen/Montenay Energy Co., 902 F.2d 1098 (2d Cir.1990); See Also, In Re Crawford (S.D.N.Y. 2012) Here, Creditor had no knowledge of these alleged issues until

immediately prior to the foreclosure sale at issue. Thus, there can be no willful violation of the automatic stay.

24. Debtor also has the burden to establish damages. In Re Sucre, 226 B.R. 340 (S.D.N.Y. 1998). In fact, a violation of the stay itself will not support an award of damages. In Re Tarone, 434 B.R. 41 (Bankr. E.D.N.Y.) Here, Debtor fails to provide any specificity as to damages. It is respectfully submitted that since Debtor has merely a possessory interest in the Premises, that interest in the Premises remains unaffected by the foreclosure sale. Accordingly, Debtor fails to establish any damages.

25. Moreover, a Debtor is under a duty to exercise due diligence in protecting and pursuing his or her rights and in mitigating any damages with regard to a creditor's violation of the automatic stay. In Re Jean- Francois, 516 B.R. 699 (E.D.N.Y. 2014). Although Debtors allege violations of the automatic stay, they filed his Motion on an expedited basis without attempting to mitigate the alleged stay violation and did not respond to Bayview's email until over about one month later with the instant application. As such, Debtor's Motion must be denied in its entirety.

## SANCTIONS ARE WARRANTED UNDER THE CIRCUMSTANCES

26. Pursuant to FRBP 9011, an attorney or unrepresented party that presents a pleading to the court is deemed to certify to the best of his knowledge and after reasonable inquiry that (1) the pleading is not presented for an improper purpose, (2) the claims, defenses, and other legal contentions are warranted by existing law or a non-frivolous argument for the extension, modification or reversal of existing law or the establishment of new law and (3) the allegations and other factual contentions have

evidentiary support or are likely to have support after further investigation. FRBP 9011 authorizes a court to award sanctions for any violation of this certification, but the party seeking sanctions must follow certain procedural requirements.

26. FRBP 9011 also contains a "safe harbor" provision that prohibits the filing or presentation of a motion for sanctions if the offending party withdraws or corrects the challenged paper within twenty-one days after service of the motion on the offending party.

27. Here, it should be noted that on April 17, 2018, Bayview's counsel warned Debtor's counsel that it would seek sanctions in the event it sought to vacate the sale. See Ex. 5. Here, Debtor's counsel filed a motion despite these warnings. It is respectfully submitted that as more than 21 days has passed and due to the timing to Debtor's instant application, the notice provided is sufficient. As such, Debtor's counsel has been provided sufficient notice under the safe harbor provision. Alternatively, Bayview requests leave to file a supplemental motion seeking sanctions under FRBP 9011.

28. Here, as stated above despite Debtor's counsel being provided with the applicable caselaw noting how these claims are frivolous, he still filed the instant application without an attempt to mitigate the alleged damages. As such, sanctions are warranted.

## CONCLUSION

29. In short, instead of 72 Grandview, the owner of the Premises filing for bankruptcy, Debtor has filed an individual bankruptcy. However, Debtor fails to provide any basis to stay the sale. Here, Debtor has created a Limited Liability Company to own

property and shield her from liability which has not made any payments since 2010, over eight (8) years ago and now seeks to have her Limited Liability Company shielded by an individual bankruptcy filing.

30. The Court should also be mindful that a sanctions award would open the floodgates to future litigation in that a Debtor (as in this case) with no interest in the Premises can file for bankruptcy immediately prior to a scheduled foreclosure sale based on a mere possessor interest. Based on the foregoing, sanctions are not warranted under the circumstances.

WHEREFORE, Bayview Loan Servicing, LLC respectfully requests Debtor's application be denied in its entirety, and for such other and further relief as is deemed just and proper.

Dated: May 14, 2018
Elmsford, New York

**Knuckles, Komosinski & Manfro LLP**
Attorneys for Bayview Loan Servicing, LLC

By: _____
Stuart L. Kossar, Esq.
565 Taxter Road, Suite 590
Elmsford, New York 10523
(914) 345-3020
slk@kkmllp.com