EXHIBIT "A"



## MORTGAGE NOTE

dated August 5, 2005

from

72 Grandview, LLC

Maker

to

20 Deare Road, LLC

Payee

## MORTGAGE NOTE

STATE OF NEW YORK, COUNTY OF NEW YORK, ss.

August 3, 2005

$420,000.00

FOR VALUE RECEIVED, 72 Grandview, LLC, having an address at 72 Grandview Drive, Shirley, New York 11967 ("Maker"), hereby covenants and promises to pay to 20 Deare Road, LLC, a limited liability company, having an address at 20 Deare Road, Selden, NY 11784 ("Payee"), or order, at Payee's address first above written or at such other address as Payee may designate in writing, Four Hundred Twenty Thousand Dollars ($420,000.00), lawful money of the United States of America, together with interest thereon computed from the date hereof at the rate of 7.875 percent per annum, shall be payable in monthly installments in the amount annexed hereto as Exhibit "A".

Maker covenants and agrees with Payee as follows:

1. Maker will pay the indebtedness evidenced by this Note as provided herein.

2. This Note is secured by a mortgage of even date herewith (the "Mortgage"), which Mortgage is a lien upon the property which is more particularly described in the Mortgage. All of the covenants, conditions and agreements contained in the Mortgage expressly are incorporated by reference herein and hereby are made a part hereof. In the event of any conflict between the terms of this Note and the terms of the Mortgage, the terms of the Mortgage shall be paramount and shall govern.

3. In the event any payment due hereunder shall not be paid on the date when due, such payment shall bear interest at the rate of ten (10%) percent per annum, from the date when such payment was due until paid. In addition, Maker shall pay a late payment premium of two (2%) percent of any principal or interest payment made more than fifteen (15) days after the due date thereof, which premium shall be paid with such late payment. This paragraph shall not be deemed to extend or otherwise modify or amend the date when such payments are due hereunder. The obligations of Maker under this Note are subject to the limitation that payments of interest shall not be required to the extent that the charging of or the receipt of any such payment by the holder of this Note would be contrary to the provisions of law applicable to the holder of this Note limiting the maximum rate of interest which may be charged or collected by the holder of this Note.

4. The holder of this Note may declare the entire unpaid amount of principal and interest under this Note to be immediately due and payable if Maker defaults in the due and punctual payment of any installment of principal or interest hereunder.

5. Payee agrees that Payee will look solely to the property more particularly described in the Mortgage, and any other collateral given for security of the indebtedness evidenced by this Note or secured by the Mortgage, for the payment and performance of the provisions hereof and of the Mortgage, and that Payee will not seek or take any personal or deficiency judgment against Maker or any partner, shareholder, officer or principal of Maker, disclosed or undisclosed, with respect to such indebtedness or performance; provided, however, that nothing herein shall be deemed to affect otherwise the rights of Payee to proceed against the property described in the Mortgage or other collateral as in the Mortgage or elsewhere provided.

6. Maker shall have the right to prepay the indebtedness evidenced by this Note, in whole or in part, without penalty, at any time, without prior written notice to Payee. The installment payments provided for herein shall continue without change after any such prepayment.

7. Maker, and all guarantors, endorsers and sureties of this Note, hereby waive presentment for payment, demand, protest, notice of protest, notice of nonpayment, notice of intention to accelerate maturity, notice of acceleration of maturity, and notice of dishonor of this Note. Maker and all guarantors, endorsers and sureties consent that Payee at any time may extend the time of payment of all or any part of the indebtedness secured hereby, or may grant any other indulgences.

8. Any notice or demand required or permitted to be made or given hereunder shall be deemed sufficiently made and given if given by personal service or by Federal Express courier or by the mailing of such notice or demand by certified or registered mail, return receipt requested, with postage prepaid, addressed, if to Maker, at Maker's address first above written, or if to Payee, at Payee's address first above written. Either party may change its address by like notice to the other party.

9. This Note may not be changed or terminated orally, but only by an agreement in writing signed by the party against whom enforcement of any change, modification, termination, waiver, or discharge is sought. This Note shall be construed and enforced in accordance with the laws of New York.

IN WITNESS WHEREOF, Maker has executed this Note on the date first above written.

72 Grandview, LLC

By: _Annie Lombardi_
Annie Lombardi

STATE OF NEW YORK, COUNTY OF NEW YORK, ss.

On the 3 day of August , 2005, before me, the undersigned notary public, personally appeared Annie Lombardi, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

Notary Public

DAWN BACHAN MUCKUNLALL
Notary Public, State of New York
No. 01BA6112158
Qualified in Nassau County
Commission Expires June 28, 2008

BV# ▓▓▓▓▓

## ALLONGE TO NOTE

FOR PURPOSES OF FURTHER ENDORSEMENT OF THE NOTE REFERED TO BELOW:

BORROWER:  72 GRANDVIEW LLC

CO BORROWER:  ANNIE LOMBARDI

ORIGINATOR:  20 DEARE ROAD  LLC

ORIGINAL PRINCIPAL BALANCE: $420,000.00

PAY TO THE ORDER OF:

Capital, LLC

WITHOUT RECOURSE

20 Deare Road, LLC

BY:

TITLE:

BV# 305534

## ALLONGE TO NOTE

*FOR PURPOSES OF FURTHER ENDORSEMENT OF THE NOTE REFERED TO BELOW:*

BORROWER:  72 GRANDVIEW LLC

CO BORROWER:  ANNIE LOMBARDI

ORIGINATOR:  20 DEARE ROAD  LLC

ORIGINAL PRINCIPAL BALANCE:  $420,000.00

PAY TO THE ORDER OF:                :                    :                    :

Capital, LLC

WITHOUT RECOURSE

20 Deare Road. LLC

BY: _____

TITLE:

BV# 305534

## ALLONGE TO NOTE

FOR PURPOSES OF FURTHER ENDORSEMENT OF THE NOTE REFERED TO BELOW:

BORROWER:  72 GRANDVIEW LLC

CO BORROWER:  ANNIE LOMBARDI

ORIGINATOR:  20 DEARE ROAD  LLC

ORIGINAL PRINCIPAL BALANCE:  $420,000.00

PAY TO THE ORDER OF:

_____

WITHOUT RECOURSE

Capital, LLC

BY:     Nat Lucangeli

TITLE:  *Vice President*







**SUFFOLK COUNTY CLERK**
**RECORDS OFFICE**
**RECORDING PAGE**

Type of Instrument: MORTGAGE/MM&N

Recorded:    09/21/2005
At:          09:19:34 AM

Number of Pages: 7
Receipt Number : 05-0098803
MORTGAGE NUMBER: CW069373

LIBER:    M00021132
PAGE:     758

| District: | Section: | Block: | Lot: |
|---|---|---|---|
| 0200 | 983.10 | 01.00 | 022.000 |

EXAMINED AND CHARGED AS FOLLOWS

Mortgage Amount:    $420,000.00

Received the Following Fees For Above Instrument

| | | Exempt | | | Exempt |
|---|---|---|---|---|---|
| Page/Filing | $21.00 | NO | Handling | $5.00 | NO |
| COE | $5.00 | NO | NYS SRCHG | $15.00 | NO |
| Affidavit | $0.00 | NO | Cert.Copies | $0.00 | NO |
| RPT | $30.00 | NO | SCTM | $0.00 | NO |
| Mort.Basic | $2,100.00 | NO | Mort.Addl | $1,230.00 | NO |
| Mort.SplAddl | $0.00 | NO | Mort.SplAsst | $1,050.00 | NO |
| | | | Fees Paid | $4,456.00 | |

MORTGAGE NUMBER: CW069373

THIS PAGE IS A PART OF THE INSTRUMENT
THIS IS NOT A BILL

Edward P.Romaine
County Clerk, Suffolk County

Number of pages   7

1 | 2

TORRENS

Serial #

Certificate #

Prior Ctf. #

RECORDED
2005 Sep 21 09:19:24 PM
Edward P. Romaine
CLERK OF
SUFFOLK COUNTY
L M00021132
P 753
DT#05069973

Deed / Mortgage Instrument | Deed / Mortgage Tax Stamp | Recording / Filing Stamps

3

FEES

| | | |
|---|---|---|
| Page / Filing Fee | 21 | |
| Handling | 5. 00 | |
| TP-584 | | |
| Notation | | |
| EA-52 17 (County) | Sub Total 26 | |
| EA-5217 (State) | | |
| R.P.T.S.A. | 20 | |
| Comm. of Ed. | 5. 00 | |
| Affidavit | | |
| Certified Copy | | |
| NYS Surcharge | 15. 00 | |
| Other | Sub Total 50 | |
| | Grand Total 76 | |

Mortgage Amt. 438,000

1. Basic Tax
2. Additional Tax
Sub Total
Spec./Assit.
or
Spec./Add.
TOT. MTG. TAX  4380.
Dual Town ____ Dual County ____
Held for Appointment
Transfer Tax
Mansion Tax

The property covered by this mortgage is or will be improved by a one or two family dwelling only.

YES ____ or NO ____

IF NO, see appropriate tax clause on page # ____ of this instrument.

4 | Dist 0200 | Section 985.10 | Block 01.00 | Lot 022.00 | 5 Community Preservation Fund

Real Property
Tax Service
Agency
Verification

P T S
R CMA A
20-SEP-05

0200 98310 0100 022000

Consideration Amount $

CPF Tax Due   $

Improved
Vacant Land
TD
TD
TD

6 | Satisfactions/Discharges/Releases List Property Owners Mailing Address
RECORD & RETURN TO:

Rahman & Associates, LLC
1250 Broadway, Suite 3701
New York, NY 10001

7 | Title Company Information

Cu. Name  Title Associates

Title #  SA521555

This page forms part of the attached   Mortgage   made by:
(SPECIFY TYPE OF INSTRUMENT)

72 Grand Way, LLC   The premises herein is situated in
SUFFOLK COUNTY, NEW YORK.

TO

20 Deare Road, LLC   In the Township of   Brookhaven
In the VILLAGE
or HAMLET of ____

BOXES 6 THRU 8 MUST BE TYPED OR PRINTED IN BLACK INK ONLY PRIOR TO RECORDING OR FILING.

## MORTGAGE

dated August 3, 2005

from

72 Grandview, LLC

mortgagor

to

20 Deare Road, LLC

mortgagee

DIST      02.00
Section:   983.10
Block:     01.00
Lot:       022.000
County:    Suffolk

Please record and return to:

Rahmanan & Associates, LLC
1250 Broadway, Suite 3701
New York, New York 10001



## MORTGAGE

**MORTGAGE**, dated August 3, 2005, made by 72 Grandview, LLC, having an address at 72 Grandview Drive, Shirley, New York 11967 ("mortgagor") to 20 Deare Road, LLC, a limited liability company, having an address at 20 Deare Road, Selden, NY 11784 ("mortgagee").

**WITNESSETH**, that to secure the payment of an indebtedness in the sum of Four Hundred Twenty Thousand Dollars ($420,000.00), to be paid with interest thereon in accordance with a certain Note of even date herewith, and for good and valuable consideration the receipt and sufficiency whereof hereby are acknowledged, the mortgagor hereby mortgages to the mortgagee the following property (hereinafter referred to as the "premises"):

*Suffolk*
*0000*

**ALL** that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in Shirley, the County of Suffolk and the State of New York, being more particularly described in Exhibit A attached hereto and made a part hereof;

*983.10*

**TOGETHER** with all right, title and interest, if any, of the mortgagor in and to any streets and roads abutting said premises to the center lines thereof;

*01.00*

**TOGETHER** with the appurtenances and all the estate and rights of the mortgagor in and to said premises;

*L022.*

**TOGETHER** with all right, title and interest of mortgagor in and to any and all fixtures, chattels and articles of personal property attached to or used in connection with the aforesaid Premises, including without limitation furnaces, boilers, oil burners, radiators, piping and plumbing fixtures, refrigeration, air conditioning and sprinkler systems, gas and electrical fixtures, stoves, ranges, kitchen cabinets, awnings, screens, window shades, elevators, motors, dynamos, incinerators, plants and shrubbery and all other equipment and machinery, appliances, fittings, and fixtures of every kind in or used in the operation of the buildings on the Premises, and any and all replacements thereof and additions thereto;

**TOGETHER** with all awards heretofore or hereafter made to mortgagor for any taking by eminent domain of all or any part of the Premises or any easement therein, including any awards for changes of grade of streets, which awards hereby are assigned to mortgagee who is authorized to collect and receive the proceeds of such awards and to give proper receipts and acquittances therefor, and to apply them to the payment of the indebtedness secured hereby;

**BEING** the premises is identified as Section 983.10, Block 01.00 and Lot 022.000.

**AND** the mortgagor covenants with the mortgagee as follows:

1. The mortgagor shall pay the indebtedness as provided in the Note.

*The above premises is improved by a one / family dwelling.*

EXHIBIT A

Property Description

ALL that certain plot, piece or parcel of land, situate, lying and being in the Town of Brookhaven, County of Suffolk and State of New York, known and designated as Lot Number 843 and the northerly 40 feet of lot number 844, as shown on a certain map entitled, "Map of Mastic Acres, Unit 11B" filed in the Office of the Clerk of Suffolk County on April 14, 1947 as Map Number 1535, being bounded and described as follows:

BEGINNING in the westerly line of Grandview Drive distant 60.00 feet northerly from the point where the northerly line of Trafalgar Drive, if extended westerly, would intersect with the westerly line of Grandview Drive;

RUNNING THENCE from said point or place of beginning, North 82 degrees 10 minutes 20 seconds West 205 feet more or less to the mean high water mark of Bellport Bay, as shown on aforementioned filed map;

RUNNING THENCE along a tie line on a course North 7 degrees 49 minutes 40 seconds East 90.00 feet to the southerly line of lot 842, on aforementioned map;

RUNNING THENCE along said line, South 82 degrees 10 minutes 20 seconds East 205 feet more or less to the westerly side of Grandview Drive;

RUNNING THENCE along the westerly side of Grandview Drive, South 7 degrees 49 minutes 40 seconds West 90.00 feet to the point or place of BEGINNING.

2. The mortgagor shall keep the buildings on the premises insured against loss or damage by fire, for the benefit of the mortgagee; shall assign and deliver the policies to the mortgagee; and shall reimburse the mortgagee on demand for any insurance premiums paid for by the mortgagee on the mortgagor's default in so insuring the buildings or in so assigning or delivering said policies. In addition, the mortgagor, within ten days after notice and demand, shall keep the premises insured against war risk and such other hazards as the mortgagee reasonably may request. The insurance policies shall contain the usual extended coverage endorsement and shall be in such amounts and with such companies as shall be satisfactory to the mortgagee. The provisions of Section 254 of the Real Property Law shall apply to all insurance required by this Mortgage.

3. No building on the premises shall be substantially altered, removed or demolished without the prior written consent of the mortgagee. The mortgagor shall keep the premises in as good order, repair and condition as they now are, reasonable wear and tear excepted, shall not commit or permit any waste of the premises, and shall comply with all governmental rules, regulations and requirements of law applicable to the premises or the use thereof.

4. The mortgagor shall pay all real estate taxes, assessments, water charges and sewer rents, and in default thereof, the mortgagee may pay the same and the mortgagor on demand shall repay the amount so paid with interest at the rate provided for in the Note and the same shall be added to the principal secured hereby.

5. The whole of the aforesaid principal sum shall become due and payable at the option of the mortgagee: (a) after default in the payment of any installment of principal or interest for fifteen (15) days; or (b) after default in the payment of any real estate taxes, assessments, water charges or sewer rents affecting the premises for thirty (30) days after notice and demand, or after default in exhibiting to the mortgagee, within thirty (30) days after demand, receipts showing payment of all real estate taxes, assessments, water charges and sewer rents; or (c) after default for fifteen (15) days after notice and demand in insuring the buildings on the premises, or in assigning and delivering the policies insuring the buildings, or in reimbursing the mortgagee for premiums paid on such insurance, as herein above provided; or (d) after default upon request in furnishing a statement of the amount due on this Mortgage and whether any offsets or defenses exist against the indebtedness secured hereby, as hereinafter provided; or (e) after the actual or threatened alteration, demolition or removal of any building on the premises without the prior written consent of the mortgagee; or (f) if the buildings on said premises are not maintained in reasonably good repair; or (g) after failure to comply with any requirement or order or notice of violation of law or ordinance issued by any governmental authority having jurisdiction over the premises within three months from the issuance thereof; or (h) if on application of the mortgagee two or more fire insurance companies lawfully doing business in the State of New York refuse to issue policies insuring the buildings on the premises; or (i) in the event of the removal, demolition or destruction in whole or in part of any of the fixtures, chattels or articles of personal property covered hereby, unless the same are promptly replaced by similar fixtures, chattels and articles of personal property at least equal in quality and condition to those replaced, free from chattel mortgages, reservations of title or other encumbrances thereon; or (j) after the assignment of the rents of the premises or any part thereof without the prior written consent of the

2

mortgagee; or (k) after thirty days notice to the mortgagor in the event of the passage of any law deducting from the value of land for purposes of taxation any lien thereon, or changing in any way the taxation of mortgages or debts secured by real property for state or local purposes; or (l) if the mortgagor, for ten days after notice and demand, fails to keep, observe or perform any of the other covenants, conditions or agreements contained in this Mortgage.

6. The holder of this Mortgage, in any action to foreclose this Mortgage or sell the premises, shall be entitled to the appointment of a receiver of the rents, issues and profits of the premises.

7. In case of a foreclosure sale, said premises, or so much thereof as may be affected by this Mortgage, may be sold in one parcel.

8. The mortgagor, within fifteen (15) days after request, shall furnish a duly acknowledged certificate stating the amount due on this Mortgage and stating whether there are any offsets or defenses against the indebtedness secured hereby.

9. The mortgagor warrants title to the premises.

10. If any action or proceeding be commenced (except an action to foreclose this Mortgage or to collect the indebtedness secured hereby), to which action or proceeding the mortgagee is made a party, or in which it becomes necessary to defend or uphold the lien of this Mortgage, all sums paid by the mortgagee for the expenses of any litigation to prosecute or defend the rights or lien created by this Mortgage (including reasonable attorneys' fees), shall be paid by the mortgagor on demand, with interest at the rate provided for in the Note, and shall be added to the principal secured hereby. In any action or proceeding to foreclose this Mortgage, or to recover or collect the indebtedness secured hereby, the provisions of law respecting the recovering of costs, disbursements and allowances shall prevail unaffected by the preceding covenant.

11. The mortgagor hereby assigns to the mortgagee the rents, issues and profits of the premises as further security for the payment of the indebtedness secured hereby. The mortgagor grants to the mortgagee the right to enter upon and to take possession of the premises for purposes of collecting the same and to let the premises or any part thereof, and to apply said rents, issues and profits, after payment of all necessary charges and expenses, on account of the indebtedness secured hereby.

12. The mortgagor, in compliance with Section 13 of the Lien Law, will receive the advances secured hereby and will hold the right to receive such advances as a trust fund to be applied first for the payment of the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part thereof for any other purpose.

13. Notwithstanding any other provision of this Mortgage to the contrary, the mortgagee agrees that the mortgagee will look solely to the premises for the payment and performance of the provisions of the Note and this Mortgage, and that the mortgagee shall not seek or take any personal or deficiency judgment against the mortgagor or any partner, shareholder, officer or principal of the mortgagor, disclosed or undisclosed, with respect to such indebtedness or

3

performance; provided, however, that nothing herein shall be deemed to affect otherwise the rights of the mortgagee to proceed against the premises in foreclosure.

14. The mortgagor shall have the right to prepay the indebtedness evidenced by the Note, in whole or in part, without penalty, without prior written notice to the mortgagee.

15. Notices and demands or requests shall be in writing and may be served in person or by Federal Express courier or by certified or registered mail, return receipt requested, with postage prepaid.

16. This Mortgage shall be governed by the laws of New York. This Mortgage may not be changed or terminated orally. The covenants contained in this Mortgage shall run with the land and bind the mortgagor and the heirs, executors, administrators, legal representatives, successors and assigns of the mortgagor and all subsequent owners, encumbrancers, tenants and subtenants of the premises, and shall inure to the benefit of the mortgagee and the heirs, executors, administrators, legal representatives, successors and assigns of the mortgagee.

IN WITNESS WHEREOF, this Mortgage has been duly executed by the mortgagor on the date first above written.

72 Grandview, LLC

By: _Annie Lombardi_
Annie Lombardi

STATE OF NEW YORK, COUNTY OF NEW YORK, ss.

On the 25 day of ~~July~~ August, 2005, before me, the undersigned notary public, personally appeared Annie Lombardi , personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

DAWN BACHAN MUCKUNLALL
Notary Public, State of New York
No. 01BA6112158
Qualified in Nassau County
Commission Expires June 28, 2008

4





SUFFOLK COUNTY CLERK
RECORDS OFFICE
RECORDING PAGE

Type of Instrument: ASSIGNMENT OF MORTGAGE/MOP        Recorded:    09/21/2005
Number of Pages: 3                                    At:          09:19:24 AM
Receipt Number : 05-0098803

                                                     LIBER:       M00021132
                                                     PAGE:        759
District:              Section:              Block:               Lot:
0200                   983.10               01.00                022.000
                       EXAMINED AND CHARGED AS FOLLOWS
Received the Following Fees For Above Instrument
                                        Exempt
Page/Filing                                                                   Exempt
COE            $9.00              NO     Handling         $5.00               NO
Notation       $5.00              NO     NYS SRCHG        $15.00              NO
RPT            $0.50              NO     Cert.Copies      $0.00               NO
               $30.00             NO     SCTM             $0.00               NO
                                        Fees Paid        $64.50
              THIS PAGE IS A PART OF THE INSTRUMENT
                    THIS IS NOT A BILL

                    Edward P.Romaine
                    County Clerk, Suffolk County

| 1 | 2 |
|---|---|

Number of pages 3

TORRENS

Serial #

Certificate #

Prior Ctf. #

| Deed / Mortgage Instrument | Deed / Mortgage Tax Stamp | Recording / Filing Stamps |
|---|---|---|

RECEIVED
2005 Sep 21 09:19:24 AM
Edward P. Romaine
CLERK OF
SUFFOLK COUNTY
L H00021113E
P 759

3

FEES

| Page / Filing Fee | 9 | | Mortgage Amt. | |
|---|---|---|---|---|
| Handling | 5. 00 | | 1. Basic Tax | |
| TP-584 | | | 2. Additional Tax | |
| Notation | | | Sub Total | |
| EA-52 17 (County) | | Sub Total 14.50 | Spec./Assit. | |
| EA-5217 (State) | | | or | |
| R.P.T.S.A. | 2 | | Spec. /Add. | |
| Comm. of Ed. | 5. 00 | | TOT. MTG. TAX | |
| Affidavit | | | Dual Town ___ Dual County | |
| Certified Copy | | | Held for Appointment | |
| NYS Surcharge | 15. 00 | | Transfer Tax | |
| Other | | Sub Total 50 | Mansion Tax | |

Grand Total 64.50

The property covered by this mortgage is or will be improved by a one or two family dwelling only.

YES _____ or NO _____

If NO, see appropriate tax clause on page # _____ of this instrument.

| 4 | Dist. | 0200 | Section | 993.10 | Block | 01.00 | Lot | 022.00 | 5 | Community Preservation Fund |
|---|---|---|---|---|---|---|---|---|---|---|

Real Property Tax Service Agency Verification

0200 99310 0100 022000

P T S
R CMA I
20-SEP-05

Consideration Amount $

CPF Tax Due $

| | Improved | |
| | Vacant Land | |
| | TD | |
| | TD | |
| | TD | |

6 Satisfactions/Discharges/Releases List Property Owners Mailing Address
RECORD & RETURN TO:

Rahmanan & Associates, LLC
1250 Broadway, Suite 3701
New York, N.Y 10001

| 7 | Title Company Information |
|---|---|
| Co. Name | My Homeridge |
| Title # | SJ501553 |

# Suffolk County Recording & Endorsement Page

This page forms part of the attached _____ Amendment a Mortgage _____ made by:
(SPECIFY TYPE OF INSTRUMENT)

20 Dease Road, LLC

The premises herein is situated in
SUFFOLK COUNTY, NEW YORK.

TO

Capital Lending Group, LLC
In the Township of _____ Brookhaven
In the VILLAGE
or HAMLET of _____

BOXES 6 THRU 8 MUST BE TYPED OR PRINTED IN BLACK INK ONLY PRIOR TO RECORDING OR FILING.

Form 8021 (3/30) — Assignment of Mortgage With Covenant — Individual or Corporation. (Single Sheet)
CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT — THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY.

**KNOW THAT**

20 Deere Road, LLC
20 Deere Road
Selden, New York 11784

, assignor,

In consideration of        Ten

paid by

Capital Lending Group, LLC
1250 Broadway, 37th Floor
New York, New York 10001

dollars,

, assignee,

hereby assigns unto the assignee,

Mortgage dated the   2nd   day of   August . 2005   , made by 12 Cinnabroo, LLC

to 20 Deere Road, LLC

In the principal sum of $ 420,000.00        and recorded on the   To be recorded simultaneous
in Liber        of Section        of Mortgages, page        , in the office of the   herewith.
of the        covering premises

TOGETHER with the bond or note or obligation described in said mortgage, and the moneys due and to grow due
thereon with the interest TO HAVE AND TO HOLD the same unto the assignee and to the successors, legal
representatives and assigns of the assignee forever.

AND the assignor covenants that there is now owing upon said mortgage        , without offset or defense of any kind,
the principal sum of

with interest thereon at        per centum per annum from the        day of

the word "assignor" or assignee" shall be construed as if it read "assignors" or assignees" whenever the sense of this
instrument so requires.

IN WITNESS WHEREOF, the assignor has duly executed this assignment the        day of

In presence of:

20 Deere Road, LLC

By:  _Steven Fogarty_
     Steven Fogarty

Acknowledgement taken in New York State

State of New York, County of NASSAU

On the 25 day of August in the year 2005, before me, the undersigned, personally appeared

Ellen Fogarty

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s) acted, executed the instrument.

DAWN BACHAN MUCKUNLALL
Notary Public, State of New York
No. 01BA6112158
Qualified in Nassau County
Commission Expires June 28, 2009

Acknowledgement by Subscribing Witness taken in New York State

(State of New York, County of

On the        day of        in the year        , before me, the undersigned, personally appeared

the subscribing witness to the foregoing instrument, with whom I am personally acquainted, who being by me duly sworn, did depose and say, that he/she/they reside(s) in

that he/she/they know(s)

to be the individual described in and who executed the foregoing instrument; that said subscribing witness was present and saw said

execute the same; and that said witness at the same time subscribed his/her/their name(s) as a witness thereto.

Title No.: SUFP 2501333

20 Deaov Road, LLC

TO

Capital Lending Group, LLC

---

Acknowledgement taken in New York State

State of New York, County of        :ss:

On the        day of        in the year , before me, the undersigned, personally appeared

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s) acted, executed the instrument.

Acknowledgement taken outside New York State

*State of        County of        :ss:
*or Insert District of Columbia, Territory, Possession or Foreign County)

On the        day of        in the year , before me, the undersigned, personally appeared

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual made such appearance before the undersigned in the

(add the city or political subdivision and the state or country or other place the acknowledgement was taken).

DISTRICT 0200

SECTION 083.10

BLOCK 01.00

LOT 022.000

COUNTY OR TOWN Suffolk

RETURN BY MAIL TO:

Hahnmann & Associates, LLC
1250 Broadway, 37th Floor
New York, New York

Zip No. 10014





### SUFFOLK COUNTY CLERK
### RECORDS OFFICE
### RECORDING PAGE

Type of Instrument: ASSIGNMENT OF MORTGAGE/MOD
Number of Pages: 3
Receipt Number : 06-0034531

Recorded: 04/05/2006
At: 03:04:32 PM

LIBER: M00021271
PAGE: 842

| District: | Section: | Block: | Lot: |
|-----------|----------|--------|------|
| 0200 | 983.10 | 01.00 | 022.000 |

EXAMINED AND CHARGED AS FOLLOWS
Received the Following Fees For Above Instrument

| | | Exempt | | | Exempt |
|---|---|---|---|---|---|
| Page/Filing | $9.00 | NO | Handling | $5.00 | NO |
| COE | $5.00 | NO | NYS SRCHG | $15.00 | NO |
| Notation | $0.50 | NO | Cert.Copies | $0.00 | NO |
| RPT | $30.00 | NO | SCTM | $0.00 | NO |
| | | | Fees Paid | $64.50 | |

THIS PAGE IS A PART OF THE INSTRUMENT
THIS IS NOT A BILL

Judith A. Pascale
County Clerk, Suffolk County

308534
Number of pages 3

TORRENS

Serial # _____

Certificate # _____

Prior Cut. # _____

| Deed / Mortgage Instrument | Deed / Mortgage Tax Stamp | Recording / Filing Stamps |
|---|---|---|

RECORDED
2006 Mar 22 02:04:52 PM
Judith A. Pascale
CLERK OF
SUFFOLK COUNTY
L #0021971
P 892

**FEES**

| | | |
|---|---|---|
| Page / Filing Fee | 9.00 | |
| Handling | 5.00 | |
| TP-584 | | |
| Notation | W 50 | |
| EA-52 17 (County) | Sub Total | 14.50 |
| EA-5217 (State) | | |
| R.P.T.S.A. | 32 — | |
| Comm. of Ed. | 5.00 | |
| Affidavit | | |
| Certified Copy | | |
| NYS Surcharge | 15.00 | Sub Total | 50.00 |
| Other | | Grand Total | 64.50 |

Mortgage Amt. _____
1. Basic Tax _____
2. Additional Tax _____
   Sub Total _____
Spec./Assit. _____
   or
Spec. /Add. _____
TOT. MTG. TAX _____
   Dual Town _____ Dual County _____
   Held for Appointment _____
Transfer Tax _____
Mansion Tax _____

The property covered by this mortgage is or will be improved by a one or two family dwelling only.

YES _____ or NO _____

If NO, see appropriate tax clause on page # _____ of this instrument.

| 4 | Dist. 0200 | Section 983.10 | Block 01.00 | Lot 012.000 | 5 | Community Preservation Fund |
|---|---|---|---|---|---|---|

Real Property Tax Service Agency Verification 3-2-06

Consideration Amount $ _____
CPF Tax Due $ _____
Improved _____
Vacant Land _____
TD _____
TD _____
TD _____

6 Satisfactions/Discharges/Releases List Property Owners Mailing Address
**RECORD & RETURN TO:**

Record and Return to:
Jennifer McGovren
Bay View Loan Servicing, LLC
4425 Ponce de Leon Blvd., 5th Floor
Coral Gables, Florida 33146

7 | Title Company Information

Co. Name _____
Title # _____

8 | ## Suffolk County Recording & Endorsement Page

This page forms part of the attached _Assignment of Mortgage_ made by:
_____ (SPECIFY TYPE OF INSTRUMENT)

Capital Lending Group, Inc
1250 Broadway, 39th Floor, NY, NY 10001

**TO**

Plainview Loan Servicing, LLC
11425 Ponce de Leon Blvd, 5th Floor, Coral Gables, FL 33146

The premises herein is situated in
SUFFOLK COUNTY, NEW YORK.

In the Township of Brookhaven

In the VILLAGE
or HAMLET of Shirley

BOXES 6 THRU 8 MUST BE TYPED OR PRINTED IN BLACK INK ONLY PRIOR TO RECORDING OR FILING.

(over)

Form 8022 (2/00) -- Assignment of Mortgage with Covenant -- Individual or Corporation. (Single sheet)
CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT -- THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY.

## Assignment of Mortgage

**KNOW THAT**

Capital Lending Group, LLC
1250 Broadway, 37th Floor
New York, New York 10001

, assignor,

in consideration of

paid by                                                                    dollars,

**Bayview Loan Servicing, llc**

of:
4425 Ponce De Leon, 5th FL
Coral Gables, FL 33146

, assignee,

hereby assigns unto the assignee,

mortgage dated the 3 day of August 2005 , made by 72 Grandview, LLC

to 30 Ocara Road, LLC

in the principal sum of $ 420,000.00       and recorded on the 21 day of September, 2005
in Liber M00021192 of Section 1414   of Mortgages, page 058, in the office of the Suffolk Ct.

Property address: 72 Grandview Drive, Shirley, NY 11967

This assignment is not subject to the
requirements of Section 275 of the Real
Property Law because it is an assignment
with the secondary mortgage market

TOGETHER with the bond or note or obligation described in said mortgage, and the moneys due and to grow due
thereon with the interest; TO HAVE AND TO HOLD the same unto the assignee and to the successors, legal
representatives and assigns of the assignee forever.

AND the assignor covenants that there is now owing upon said mortgage    , without offset or defense of any kind,
the principal sum of

the word "assignor" or assignee" shall be construed as if it read "assignors" or "assignees" whenever the sense of this
instrument so requires.

IN WITNESS WHEREOF, the assignor has duly executed this assignment the 29 day of August, 05

in presence of:

Capital Lending Group, LLC

By: _____
     Itai Rodrigely

Acknowledgement taken in New York State

State of New York, County of

On the 29 day of August , in the year 2005, before me,
the undersigned, personally appeared
Nat Lutsengell
personally known to me or proved to me on the basis of
satisfactory evidence to be the individual(s) whose name(s) is
(are) subscribed to the within instrument and acknowledged to
me that he/she/they executed the same in his/her/their
capacity(ies), and that by his/her/their signature(s) on the
instrument, the individual(s) or the person upon behalf of which
the individual(s) acted, executed the instrument.

_[signature]_

DAWN BACHAN MUCKUNLALL
Notary Public, State of New York
No. 01BA6121510
Qualified in Nassau County
Commission Expires June 20, 2008

Acknowledgement by Subscribing Witness taken in New
York State

State of New York, County of

On the       day of       in the year
the undersigned, personally appeared       before me,

the subscribing witness to the foregoing instrument, with whom I
am personally acquainted, who being by me duly sworn, did
depose and say, that he/she/they reside(s) in

that he/she/they know(s)
to be the individual described in and who executed the
foregoing instrument; that said subscribing witness was
present and saw

execute the same; and that said witness at the same time
subscribed his/her/their name(s) as a witness thereto.

Acknowledgement taken in New York State

State of New York, County of

On the       day of       in the year
the undersigned, personally appeared       before me,

personally known to me or proved to me on the basis of
satisfactory evidence to be the individual(s) whose name(s) is
(are) subscribed to the within instrument and acknowledged to
me that he/she/they executed the same in his/her/their
capacity(ies), and that by his/her/their signature(s) on the
instrument, the individual(s) or the person upon behalf of which
the individual(s) acted, executed the instrument.

Acknowledgement taken outside New York State

*State of       County of
*(or insert District of Columbia, Territory, Possession or
Foreign County)

On the       day of       in the year
the undersigned, personally appeared       before me,

personally known to me or proved to me on the basis of
satisfactory evidence to be the individual(s) whose name(s) is
(are) subscribed to the within instrument and acknowledged to me
that he/she/they executed the same in his/her/their capacity(ies),
and that by his/her/their signature(s) on the instrument, the
individual(s) or the person upon behalf of which the individual(s)
acted, executed the instrument, and that such individual made
such appearance before the undersigned in the

(add the city or political subdivision and the state or country or
other place the acknowledgement was taken).

Title No. SUFF 2501503

DISTRICT 0200

SECTION 853.10

BLOCK 01.00

LOT 022.000

COUNTY OR TOWN Suffolk

RETURN BY MAIL TO:

Prepared By: Melba Shlichta
BayView Loan Servicing, LLC
4425 Ponce De Leon Blvd., 5th Floor
Coral Gables, FL 33146

Record and Return to:
Jennifer McGovern
BayView Loan Servicing, LLC
4425 Ponce de Leon Blvd., 5th Floor
Coral Gables, Florida 33146

00355142395