# EXHIBIT "B"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-----------------------------------------------------------------x
BAYVIEW LOAN SERVICING, LLC,

                              Plaintiff,

  - against -

72 GRANDVIEW, LLC, NEW YORK STATE DEPT.
OF TAXATION AND FINANCE
and John Doe #1 through #50, said names being fictitious
and unknown to Plaintiff, the person or parties intended
being the tenants, occupants, persons, or corporations, if
any, having or claiming an interest in or lien upon the
mortgaged premises described in the Verified Complaint,

                              Defendants.
-----------------------------------------------------------------x

Index No.:

Filing Date:

**SUMMONS AND NOTICE**

Plaintiff Designates
Suffolk County as
the Place of Trial

FILED
JAN 18 2011
Judith A. Pascale
CLERK OF SUFFOLK COUNTY

Premises:
72 Grandview Drive
Shirley, NY 11967

Venue is based upon
County in which Premises lie

TO THE ABOVE-NAMED DEFENDANTS:

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorneys within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear to answer, judgment will be taken against you by default for the relief demanded in the complaint.

### *THIS IS A SUBPRIME/HIGH COST LOAN*

---

This is an attempt to collect a debt, and any information obtained will be used for that purpose. This notice is required by the provisions of the Fair Debt Collections Practice Act and does not imply that we are attempting to collect money from anyone who has discharged the debt under the Bankruptcy Laws of the United States.

# NOTICE

# YOU ARE IN DANGER OF LOSING YOUR HOME

If you do not respond to this summons and complaint by serving a copy of the answer on the attorney for the mortgage company who filed this foreclosure proceeding against you and filing the answer with the court, a default judgment may be entered and you can lose your home.

Speak to an attorney or go to the court where your case is pending for further information on how to answer the summons and protect your property.

Sending a payment to your mortgage company will not stop this foreclosure action.

**YOU MUST RESPOND BY SERVING A COPY OF THE ANSWER ON THE ATTORNEY FOR THE PLAINTIFF (MORTGAGE COMPANY) AND FILING THE ANSWER WITH THE COURT.**

The basis of the venue for this action is CPLR 507, in that a judgment in this action would affect the title to, or the possession, use or enjoyment of, real property situated in the County of Suffolk.

Dated: New York, New York
January 6, 2011

HERZFELD & RUBIN, P.C.
Attorneys for Plaintiff
BAYVIEW LOAN SERVICING, LLC.

By: _____
Kevin J. Vernick, Esq.
125 Broad Street, 12TH Floor
New York, New York 10004
(212) 471-3129

Defendant(s) Addresses:

72 Grandview, LLC
72 Grandview Drive
Shirley, NY 11967

New York State Dept. of Taxation
WA Harriman Campus
Albany, NY 12227
Attn: Office of Counsel, Bldg. 9

John and/or Jane Doe
72 Grandview Drive
Shirley, NY 11967

# HELP FOR HOMEOWNERS IN FORECLOSURE

New York State law requires that we send you this notice about the foreclosure process. Please read it carefully.

### Summons and Complaint

You are in danger of losing your home. If you fail to respond to the summons and complaint in this foreclosure action, you may lose your home. Please read the summons and complaint carefully. You should immediately contact an attorney or your local legal aid office to obtain advice on how to protect yourself.

### Sources of Information and Assistance

The State encourages you to become informed about your options in foreclosure. In addition to seeking assistance from an attorney or legal aid office, there are government agencies and non-profit organizations that you may contact for information about possible options, including trying to work with your lender during the process.

To locate an entity near you, you may call the toll-free helpline maintained by the New York State Banking Department at 1-877-BANK-NYS (1-877-226-5697) or visit the Department's website at http://www.banking.state.ny.us.

### Foreclosure rescue scams

Be careful of people who approach you with offers to "save" your home. There are individuals who watch for notices of foreclosure actions in order to unfairly profit from a homeowner's distress. You should be extremely careful about any such promises and any suggestions that you pay them a fee or sign over your deed. State law requires anyone offering such services for profit to enter into a contract which fully describes the services they will perform and fees they will charge, and which prohibits them from taking any money from you until they have completed all such promised services.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-----------------------------------------------------------x
BAYVIEW LOAN SERVICING, LLC,

                Plaintiff,

     - against -

72 GRANDVIEW, LLC, NEW YORK STATE DEPT.
OF TAXATION AND FINANCE,
and John Doe #1 through #50, said names being fictitious
and unknown to Plaintiff, the person or parties intended
being the tenants, occupants, persons, or corporations, if
any, having or claiming an interest in or lien upon the
mortgaged premises described in the Verified Complaint;

                Defendants.
-----------------------------------------------------------x

Index No.: 11 2158

NOTICE OF PENDENCY

    PLEASE TAKE NOTICE that an action has begun in the Supreme Court of the State of New York, in the County of SUFFOLK, on a complaint filed in the Office of the Clerk of said County by the above-named plaintiff against the above-named defendants for the foreclosure of the following mortgage:

    Mortgage dated August 3, 2005 made by 72 GRANDVIEW, LLC to 20 DEARE ROAD, LLC in the amount of $420,000.00, and recorded in the Clerk's Office of the County of SUFFOLK (the "Clerk's Office") on September 21, 2005 Liber 21132, Page 758, and upon which the tax imposed upon the recording thereof, if any, was paid;

    Mortgage was assigned by 20 Deare Road, LLC to Capital Lending Group, LLC by assignment dated August 25, 2005 and recorded September 21, 2005 in Liber 21132 at page 759.

    Mortgage was further assigned by Capital Lending Group, LLC to Bayview Loan Servicing, LLC by assignment dated August 29, 2005 and recorded on April 5, 2006 in Liber 21271 at page 842.

    PLEASE TAKE FURTHER NOTICE that the Premises affected by the said action and covered by the said mortgage is located at 72 Grandview Drive, Shirley, New York 11967 which

1

Premises are described in the said mortgage as follows: District 0200, Section 983.1, Block 1, Lot 22, and are more fully described on the "Schedule A Legal Description" attached hereto.

**TO THE COUNTY CLERK OF THE COUNTY OF SUFFOLK:**

Please index the foregoing Notice of Pendency of action according to law against defendant 72 Grandview, LLC and the property located at 72 Grandview Drive, Shirley, New York, District 0200, Section 983.1, Block 1, Lot 22, on the Tax Map of the County of SUFFOLK.

Dated: New York, NY
January 6, 2011

HERZFELD & RUBIN, P.C.
Attorneys For Plaintiff
BAYVIEW LOAN SERVICING, LLC

By: _____
Kevin J. Vernick
125 Broad Street
New York, New York 10004
Telephone: (212) 471-3129

2



First American Title Insurance Company

Title No.: 3060-330109

## SCHEDULE A

ALL that certain plot, piece or parcel of land, situate, lying and being in the Town of Brookhaven, County of Suffolk and State of New York, known and designated as Lot Number 843 and the northerly 40 feet of lot number 844, as shown on a certain map entitled, "Map of Mastic Acres, Unit 11B" filed in the Office of the Clerk of Suffolk County on April 14, 1947 as Map Number 1535, being bounded and described as follows:

BEGINNING in the westerly line of Grandview Drive distant 60.00 feet northerly from the point where the northerly line of Trafalgar Drive, if extended westerly, would intersect with the westerly line of Grandview Drive;

RUNNING THENCE from said point or place of beginning, North 82 degrees 10 minutes 20 seconds West 205 feet more or less to the mean high water mark of Bellport Bay, as shown on aforementioned filed map;

RUNNING THENCE along a tie line on a course North 7 degrees 49 minutes 40 seconds East 90.00 feet to the southerly line of lot 842, on aforementioned map;

RUNNING THENCE along said line, South 82 degrees 10 minutes 20 seconds East 205 feet more or less to the westerly side of Grandview Drive;

RUNNING THENCE along the westerly side of Grandview Drive, South 7 degrees 49 minutes 40 seconds West 90.00 feet to the point or place of BEGINNING.

# HELP FOR HOMEOWNERS IN FORECLOSURE

New York State law requires that we send you this notice about the foreclosure process. Please read it carefully.

## Summons and Complaint



You are in danger of losing your home. If you fail to respond to the summons and complaint in this foreclosure action, you may lose your home. Please read the summons and complaint carefully. You should immediately contact an attorney or your local legal aid office to obtain advice on how to protect yourself.

## Sources of Information and Assistance

The State encourages you to become informed about your options in foreclosure. In addition to seeking assistance from an attorney or legal aid office, there are government agencies and non-profit organizations that you may contact for information about possible options, including trying to work with your lender during the process.

To locate an entity near you, you may call the toll-free helpline maintained by the New York State Banking Department at 1-877-BANK-NYS (1-877-226-5697) or visit the Department's website at http://www.banking.state.ny.us.

## Foreclosure rescue scams

Be careful of people who approach you with offers to "save" your home. There are individuals who watch for notices of foreclosure actions in order to unfairly profit from a homeowner's distress. You should be extremely careful about any such promises and any suggestions that you pay them a fee or sign over your deed. State law requires anyone offering such services for profit to enter into a contract which fully describes the services they will perform and fees they will charge, and which prohibits them from taking any money from you until they have completed all such promised services.

NY CLS RPAPL § 1303 AUGUST 2008

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-----------------------------------------------------------X
BAYVIEW LOAN SERVICING, LLC,

         Plaintiff,

  - against -

72 GRANDVIEW, LLC, NEW YORK STATE DEPT.
OF TAXATION AND FINANCE
and John Doe #1 through #50, said names being fictitious
and unknown to Plaintiff, the person or parties intended
being the tenants, occupants, persons, or corporations, if
any, having or claiming an interest in or lien upon the
mortgaged premises described in the Verified Complaint,

         Defendants.
-----------------------------------------------------------X

FILED
JAN 18 2011
Index No.:
Judith A. Pascale
CLERK OF SUFFOLK COUNTY

VERIFIED COMPLAINT

  Plaintiff, by its attorneys, Herzfeld & Rubin, P.C., complaining of defendants, respectfully alleges upon information and belief as follows:

  1. Plaintiff is a limited liability company organized and existing under and by virtue of the laws of the State of Delaware, and duly authorized to do business within the State of New York.

  2. On August 3, 2005 72 GRANDVIEW, LLC, ("Mortgagor"), duly executed, acknowledged and delivered to 20 DEARE ROAD, LLC a Note (the "Note"), which evidences an indebtedness to Plaintiff, by Mortgagor, in the amount of $420,000.00 plus interest. (See Note attached hereto as Exhibit A).

  3. For the purpose of securing the payment of the Note, the Mortgagor, on August 3, 2005 duly executed, acknowledged and delivered to 20 Deare Road, LLC assigns a Mortgage (the "Mortgage") (see Mortgage attached hereto as Exhibit B), wherein and whereby the Mortgagor mortgaged to Plaintiff certain real property, which mortgaged premises are indexed in SUFFOLK County as District 0200, Section 983.1, Block 1, Lot 22 and are more

particularly described on Schedule A attached hereto immediately before Exhibit A and made a part hereof.

4.  The Mortgage provides, in part, that the Mortgagor(s) will repay the Note according to all of the terms and conditions contained therein, and further that the entire unpaid balance of the indebtedness due under the Note would become due, at the option of the Plaintiff, after default by the Mortgagor(s) for failure to make any of the following payments:

    a. Any installment of principal and interest;
    b. Any tax, water rate or assessments, or
    c. Any monthly installment or an amount equal to one-twelfth of the annual taxes, water rates or assessments.

5.  The Mortgage was duly recorded in the Clerk's Office of the County of SUFFOLK (the "Clerk's Office"), on September 21, 2005 Liber 21132 Page 758, and the tax imposed upon the recording thereof was paid.

6.  Mortgage was assigned by 20 Deare Road, LLC to Capital Lending Group, LLC by an assignment dated August 25, 2005 and recorded September 21, 2005 in Liber 21132 of Mortgages, at page 759.

6a. Mortgage was further assigned by Capital Lending Group, LLC to Bayview Loan Servicing, LLC by assignment dated August 29, 2005 and recorded on April 5, 2006 in Liber 21271 at page 842.

7.  Plaintiff is the owner and holder of said Note and Mortgage. Plaintiff has complied with all the provisions of §595a and §six-l of the Banking Law, or is otherwise exempt from doing so.

8.  The Mortgagor has failed to comply with the terms and provisions of the Note and Mortgage by failing and omitting to pay the following monthly payments, plus accrued

late charges, each of which monthly payments became due on the first day of the following, respective months, or on demand:

   MONTHLY PRINCIPAL
   & INTEREST PAYMENTS OF: $4,103.79
   MONTHS OF:      1/9/10 - Present

  9. Any and all applicable grace periods have expired and by reason thereof, Plaintiff has notified Mortgagor(s) of their default and has elected and hereby elects to declare immediately due and payable the entire unpaid balance of the principal due under said Note. (See Notice of Default letter attached hereto as Exhibit C).

  10. The following amounts are now due and owing on the Mortgage and the Note secured by the Mortgage, no part of which has been paid, although duly demanded:

   PRINCIPAL BALANCE:     $419,999.25
   INTEREST THEREON FROM:  12/9/09 to Present
   AT THE RATE OF:       7.88% percent per annum
   LATE CHARGES:       441.04

  11. Each of the above captioned defendant(s) has or claims to have or may claim to have an interest in or lien upon said mortgaged premises or some part thereof, which interest or lien, if any, has accrued subsequent to and is subject and subordinate to the lien of the Mortgage, as more fully set forth on Schedule C attached hereto as Exhibit D.

  12. No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of the Mortgage or for recovery of the indebtedness represented by the notes relating thereto.

  13. That the defendants "JOHN DOE #1 through #50" are those parties, unknown to Plaintiff, who may be tenants or in possession of the mortgaged premises or persons who hold a lien against the premises and those identities could not be ascertained by Plaintiff prior to the commencement of this action.

14. The Plaintiff requests that in the event this action shall proceed to judgment of foreclosure and sale, said premises should be sold subject to the following:

   a. Building and zoning ordinances of the municipality in which the mortgaged premises are located and possible violations of same.

   b. Any state of facts that an accurate survey of the mortgaged premises would show.

   c. Any state of acts that an inspection of the mortgaged premises would disclose.

   d. Covenants, restrictions, easements and public utility agreements of record, if any.

   e. Any rights of tenants or persons in possession of the subject premises.

   f. Unpaid taxes and assessments, if any.

   g. Prior lien(s) of record.

15. In the event that Plaintiff possesses any other lien(s) against said mortgaged premises, either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) shall not be merged in Plaintiff's cause(s) of action set forth in this Verified Complaint, but that Plaintiff enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including without limitation, any surplus money proceedings.

16. The Plaintiff shall not be deemed to have waived, altered, released or changed the election hereinbefore made, by reason of any payment after the commencement of this action, of any or all of the defaults mentioned herein, and such election shall continue and remain effective.

WHEREFORE, the Plaintiff demands judgment that the Defendants and each of them and all persons claiming under them or any of them, subsequent to the commencement of this action and the filing of a Notice of Pendency thereof, be barred and foreclosed of and from all estate, right, title, interest, claim, lien and equity of redemption of, in and to the said mortgaged premises and each and every part and parcel thereof; that the said premises may be decreed to be sold, according to law, subject to the items set forth in Paragraph "14" of this Complaint; that the monies arising from the sale thereof may be brought into Court; that the Plaintiff may be paid the amount due on the notes and the Mortgage as hereinbefore set forth, with interest and late charges to the time of such payment and the expenses of such sale, plus reasonable attorney's fees, together with the costs, allowances and disbursements of this action, and together with any sums incurred by Plaintiff pursuant to any term or provision of the notes and the Mortgage set forth in this Complaint, or to protect the lien of Plaintiff's Mortgage, together with interest upon said sums from the dates of the respective payments and advances thereof, so far as the amount of such monies properly applicable thereto will pay the same; and that the Defendant(s) 72 Grandview, LLC may be adjudged to pay the whole deficiency, or so much thereof as the Court may determine to be just and equitable, of the debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds pursuant to the directions contained in such judgment, and that in the event that Plaintiff possesses any other lien(s) against said mortgaged premises either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) shall not be merged in Plaintiff's cause(s) of action set forth in this complaint but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s).

including without limitation, any surplus money proceedings, and that the Plaintiff may have such other and further relief, or both, in the premises, as may be just and equitable.

Dated: New York, New York
January 6, 2011

HERZFELD & RUBIN, P.C.
Attorneys for Plaintiff
BAYVIEW LOAN SERVICING, LLC

By: _____
Kevin J. Vernick
125 Broad Street, 12th Floor
New York, New York 10004
Phone: (212) 471-3129

## VERIFICATION

The undersigned, an attorney admitted to practice in the courts of this State, affirms under penalty of perjury that Affirmant is the attorney for the Plaintiff, has read the foregoing Complaint and knows the contents thereof, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters Affirmant believes them to be true.

The reason that this Verification is made by Affirmant is that the Plaintiff is not within the County in which your Affirmant maintains his office.

_____
Kevin J. Vernick

Dated: New York, New York
January 6, 2011

First American Title

*First American Title Insurance Company*

Title No.: 3060-330109

## SCHEDULE A

ALL that certain plot, piece or parcel of land, situate, lying and being in the Town of Brookhaven, County of Suffolk and State of New York, known and designated as Lot Number 843 and the northerly 40 feet of lot number 844, as shown on a certain map entitled, "Map of Mastic Acres, Unit 11B" filed in the Office of the Clerk of Suffolk County on April 14, 1947 as Map Number 1535, being bounded and described as follows:

BEGINNING In the westerly line of Grandview Drive distant 60.00 feet northerly from the point where the northerly line of Trafalgar Drive, if extended westerly, would intersect with the westerly line of Grandview Drive;

RUNNING THENCE from said point or place of beginning, North 82 degrees 10 minutes 20 seconds West 205 feet more or less to the mean high water mark of Bellport Bay, as shown on aforementioned filed map;

RUNNING THENCE along a tie line on a course North 7 degrees 49 minutes 40 seconds East 90.00 feet to the southerly line of lot 842, on aforementioned map;

RUNNING THENCE along said line, South 82 degrees 10 minutes 20 seconds East 205 feet more or less to the westerly side of Grandview Drive;

RUNNING THENCE along the westerly side of Grandview Drive, South 7 degrees 49 minutes 40 seconds West 90.00 feet to the point or place of BEGINNING.