# EXHIBIT "D"





# SUFFOLK COUNTY CLERK
## RECORDS OFFICE
### RECORDING PAGE

Type of Instrument:   JUDGMENT OF FORECLOS
Recorded:   2/14/2018
Index Number:   11 02158          Sequence Number:   147
Plaintiff(s) :

BAYVIEW LOAN SERVICING LLC

Defendant(s) :

72 GRANDVIEW LLC; NEW YORK STATE DEPT OF TAXATION AND FINANCE; ET AL

Attorney(s) :

TAX_MAP_NO:
0200-983.10-01.00-022.000

Liber Page(s):
M00021132-758

ADDITIONAL INFORMATION EXISTS PLEASE SEE DOCUMENT
THIS PAGE IS A PART OF THE INSTRUMENT
THIS IS NOT A BILL

Judith A. Pascale
County Clerk, Suffolk County

x JFs/ Pa...

21132-
758

At an IAS Part <u>34</u> of the Supreme Court held in and for the County of Suffolk at the Courthouse, Riverhead, New York on <u>JANUARY 22</u>, 2018.

PRESENT: Hon. JOSEPH C. PASTORESSA, J.S.C.

ENTERED: FEB 14 2018
AT: 9:36 am

------------------------------------x
BAYVIEW LOAN SERVICING, LLC,

                Plaintiff,

-against-

72 GRANDVIEW, LLC; NEW YORK STATE DEPT. OF TAXATION AND FINANCE; EILEEN FOGARTY,

                Defendants.
------------------------------------x

Index No. 2158/11
JUDGMENT OF
FORECLOSURE AND SALE

Foreclosure of:
72 Grandview Drive
Shirley, New York

No Directive

UPON the Notice of Pendency of this action and the Summons and Complaint filed in the office of the County Clerk of Suffolk County on January 18, 2011 with proof of due service thereof; the Notice of Pendency filed on September 26, 2014, the Notice of Pendency filed on November 30, 2017, the Affirmation of Richard F. Komosinski, Esq., dated December 27, 2017, the Oath and Computation of the Referee, John H. Lynch, Esq., sworn to and dated November 15, 2017, and the exhibits annexed thereto, and any and all other papers previously filed herein from all of which it appears that this action was brought in part to foreclose a mortgage held Plaintiff, on real property located in Suffolk County; that the entire balance of the principal sum secured thereby and all other sums owed thereon are now due and payable; that all the Defendants herein have been duly served herein and/or have duly appeared herein that the time to answer or move with respect to the Complaint has

expired as to each and all of said Defendants; that no answer or motion directed to the Complaint or otherwise has been interposed by or on behalf of any Defendant; that the time to do so has not been extended by Stipulation or otherwise; that each of the remaining Defendants are in default or have appeared and/or waived notice of this application; that none of the Defendants are infants or incompetents or absentee persons and that the Notice of Pendency heretofore filed herein have been on file for twenty (20) days or more and contain all of the particulars required by law to be stated in such notice; and

That none of the Defendants are subject to the protective provisions of the Servicemembers' Civil Relief Act (SCRA), as amended, nor are they subject to the New York Soldiers' and Sailors' Civil Rights Act of 1951; and

NOW, THEREFORE, after reading said Referee's Oath and Computation and the schedule and statement attached thereto; and

Upon the motion of the Law Offices of Knuckles, Komosinski & Manfro, LLP, as attorneys for the Plaintiff, ~~said~~ motion ~~having come~~ to be heard before this Court ~~the~~ ____ day of _____, 2018, ~~and there~~ being no ~~opposition~~ thereto, and after due deliberation; it is

ORDERED, ADJUDGED and DECREED, that the motion is hereby granted; and it is further

ORDERED, ADJUDGED, and DECREED, that the Oath and Computation of the Referee be and the same is hereby ratified and confirmed in all respects; and it is further

ORDERED, ADJUDGED, and DECREED, that the mortgaged premises, and any and all personal property in which the Plaintiff has a security interest, as described in the mortgage or such part of the real property thereof as may be sufficient to discharge the mortgage debt, the expense of the foreclosure sale and the costs of this action as provided by the Real Property Actions and Proceedings Law be sold at public auction at the ___BROOKHAVEN TOWN HALL___ , by and
___1 INDEPENDENCE HILL___
under the direction of John H. Lynch, Esq. who is hereby
___FARMINGVILLE NY 11738___
appointed Referee for that purpose; that the said Referee give public notice of the time and place of such foreclosure sale according to law and the practice of this Court in an official publication, to wit: _Long Island Advance_ ; and it is further

ORDERED, ADJUDGED, and DECREED, that purchaser shall pay for all deed stamps and transfer taxes resulting from the foreclosure sale; and it is further

ORDERED, ADJUDGED, and DECREED, that the Plaintiff or any other parties to this action may become the purchaser or purchasers at such foreclosure sale; that in case the Plaintiff shall become the purchaser at the said foreclosure sale, it shall not be required to make any deposit thereon; that said

referee execute to the purchaser or purchasers on such foreclosure sale a deed to the premises sold subject to the purchaser paying all transfer taxes and recording charges; that such referee on receiving the proceeds of such foreclosure sale shall deposit the proceeds of foreclosure sale in John H. Lynch, Esq.'s own name as Referee in _Capital One Bank_ and shall thereafter make the following payments and his checks drawn for that purpose:

FIRST: Referee shall pay the sum of $500.00 as allowed by CPLR §8003 to the Referee as Referee fee herein.

SECOND: Referee shall pay the expenses of foreclosure sale, including posting and advertising.

THIRD: Referee shall pay the amount of any lien or liens upon the premises to be sold at the time of such foreclosure sale for taxes, assessments, water rates, and sewer rents, together with such interest or penalties as may lawfully have accrued thereon to date of payment, together with any and all sums which may be necessary to redeem the property so sold from any and all foreclosure sales, unpaid taxes, assessments, and water rates, which have not apparently become absolute, and such other amounts as may be required by RPAPL § 1354, plus and advances which Plaintiff has made for taxes, fire insurance, principal and interest to prior Plaintiffs, or to maintain the premises pending the consummation of this foreclosure sale.

FOURTH: Referee shall pay to the Plaintiff or its attorney, the sum of $ 2199.00 for costs and disbursements to be taxed by the Clerk of this Court and inserted herein, with interest thereon from the date hereof, together with an additional allowance of $300.00 hereby awarded to the Plaintiff in addition to costs and disbursements, with interest thereon from the date hereof, and also the sum of $749,518.38 being the amount reported due as aforesaid together with interest thereon upon the principal from February 1, 2016, or so much thereof as the purchase money will pay of the same, and any expenses necessarily paid by the Plaintiff to preserve the premises, not previously included in the computations of said referee.

FIFTH: Referee shall pay to the Plaintiff or its attorney, as legal fees per Paragraph 10 of the mortgage, the sum of $4,950.00, as set forth in the Affirmation of services rendered of Richard F. Komosinski, Esq., dated December 27, 2017.

SIXTH: That if the referee intends to apply for a further allowance for referee's fees, referee may leave on deposit such additional allowance to await the application duly made.

ORDERED, ADJUDGED and DECREED, that said referee deposit the balance of the surplus money, if any, with the Suffolk County Comptroller [~~Treasurer~~] or such other appropriate officer within five (5) days after the same shall be received, and be ascertainable to the credit of this action, to be withdrawn only on the written order of this Court; that said referee make

referee's report of such foreclosure sale under oath showing the disposition of the proceeds of foreclosure sale and file the same with the Clerk of this county within thirty (30) days after completing the foreclosure sale and executing the proper conveyance to the purchaser; and it is further

ORDERED, ADJUDGED, and DECREED, that the purchaser or purchasers of such foreclosure sale be let into possession on production of the referee's deed or deeds; and it is further

ORDERED, ADJUDGED and DECREED, that in case the Plaintiff or an affiliate of Plaintiff shall become the purchaser of the premises directed to be sold as aforesaid or in the event that the rights of purchaser at said foreclosure sale and the terms under this judgment shall be assigned to or acquired by the Plaintiff or Plaintiff's affiliate, and a duly executed assignment thereof in writing be filed with the referee, said referee shall not require the Plaintiff to pay in cash the entire amount bid at such foreclosure sale, but shall execute and deliver to the Plaintiff a deed or deeds to the premises sold, upon payment to the referee of the amounts specified above in the paragraphs marked "FIRST", "SECOND", and "THIRD", or in lieu of the payment of the said last-mentioned amounts, upon filing with said referee receipts of the proper municipal authorities showing the payment thereof; that the balance of the amount bid after deducting the aforesaid amounts paid by the Plaintiff for referee's fees, advertising expenses and taxes, assessments, water rates, sewer rents, any interest and penalties thereon, and any other amounts required by RPAPL §

1354 shall be allowed to the Plaintiff as specified in paragraph "FOURTH" and "FIFTH" above; that if after so applying the balance of the amount paid, there shall be a surplus over and above the amounts due to the Plaintiff, the Plaintiff shall pay to the said referee, upon deliver to it of the referee's deed, the amount of such surplus; that said referee, in receiving said several amounts from the Plaintiff, shall then disburse and/or deposit the balance with such depository as hereinabove directed; and it is further

ORDERED, ADJUDGED and DECREED, that by accepting this appointment the referee certifies that he/she is in compliance with Part 36 of the Rules of the Chief Judge (22 NYCRR Part 36), including, but not limited to, § 36.2(c) ("Disqualifications from appointment"), and § 36.2(d) ("Limitations on appointments based upon compensation"); and it is further

ORDERED, ADJUDGED and DECREED the Referee shall complete and file Foreclosure Action Surplus Monies Form with the Supreme Court Calendar Clark and the Suffolk County Clerk within thirty (30) days of the foreclosure sale; and it is further

ORDERED, ADJUDGED and DECREED, that the Referee submit proof of deposit of any surplus monies with the County ~~Treasurer~~ Comptroller, with the Supreme Court Calendar Clerk and the Suffolk

County Clerk within thirty (30) days of the date of closing title; and it is further

ORDERED, ADJUDGED and DECREED, that the Defendants in this action and all persons claiming under them subsequent to the filing of the notice of pendency of this action be, and they are forever barred and foreclosed of all right, title, claim, lien and equity of redemption in the said mortgaged premises and in each and every part and parcel thereof.

A description of the premises heretofore mentioned is annexed hereto and incorporated herein and marked Schedule "A."

Said premises being known as and by 72 Grandview Drive, Shirley, New York and it is further

ORDERED, ADJUDGED and DECREED, that the premises be sold subject to:

(a) Covenants, restrictions, easements, and agreements of record, if any;

(b) Any state of facts an accurate survey and physical inspection might show;

(c) Existing tenancies and/or occupancies, if any;

(d) Violations, zoning regulations, and ordinances of any state, village, or municipality in which said premises lie;



**First American Title**

First American Title Insurance Company

Title No.: 3060-330109

## SCHEDULE A

ALL that certain plot, piece or parcel of land, situate, lying and being in the Town of Brookhaven, County of Suffolk and State of New York, known and designated as Lot Number 843 and the northerly 40 feet of lot number 844, as shown on a certain map entitled, "Map of Mastic Acres, Unit 11B" filed in the Office of the Clerk of Suffolk County on April 14, 1947 as Map Number 1535, being bounded and described as follows:

BEGINNING in the westerly line of Grandview Drive distant 60.00 feet northerly from the point where the northerly line of Trafalgar Drive, if extended westerly, would intersect with the westerly line of Grandview Drive;

RUNNING THENCE from said point or place of beginning, North 82 degrees 10 minutes 20 seconds West 205 feet more or less to the mean high water mark of Bellport Bay, as shown on aforementioned filed map;

RUNNING THENCE along a tie line on a course North 7 degrees 49 minutes 40 seconds East 90.00 feet to the southerly line of lot 842, on aforementioned map;

RUNNING THENCE along said line, South 82 degrees 10 minutes 20 seconds East 205 feet more or less to the westerly side of Grandview Drive;

RUNNING THENCE along the westerly side of Grandview Drive, South 7 degrees 49 minutes 40 seconds West 90.00 feet to the point or place of BEGINNING.

(e) Statutory right of THE UNITED STATES OF AMERICA to redeem within one hundred twenty (120) days from the date of foreclosure sale, if any;

(f) Statutory provisions of CPLR § 317;

(g) Any and all prior mortgages, liens and encumbrances;

(h) Rights of the public and others in and to any part of the premises that lies within the bounds of any street, alley, highway, right of way or road, restrictions and easements of record.

E N T E R:

_____
JOSEPH C. PASTORESSA, J.S.C.

*Judith A. Pascale*

**GRANTED**
**JAN 2 2 2018**
**JUDITH A. PASCALE**
Clerk of Suffolk County

SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF SUFFOLK
----------------------------------------------------------------x
BAYVIEW LOAN SERVICING, LLC,

                      Plaintiff,

    -against-

72 GRANDVIEW, LLC, et al.,

                      Defendants
----------------------------------------------------------------x

Index No. 2158/11
COSTS OF PLAINTIFF

Foreclosure of
72 Grandview Drive
Shirley, New York

| COSTS | | | DISBURSEMENTS | | |
|---|---|---|---|---|---|
| Costs before note of issue CPLR § 8201 subd 1 | $200 | 00 | Fee for index number CPLR §8018(a) | $400 | 00 |
| Costs after note of issue CPLR §8201 subd 2 | | | Referee's fees CPLR §8003 (a) 1 §8003(a) | 250 | 00 |
| Trial of issue CPLR §8201 subd 3 | | | Commissioner's compensation CPLR §8301(a) 2 | | |
| Allowance by statute CPLR §8302(a)(b) | | | Clerk's fee, filing notices of pend. Or attach. CPLR §8018(e) §8021(a) 12 | 380 | 00 |
| Additional allowance CPLR §8302(d) | | | Clerk's fee cancel Notice of pend CPLR §8021(a) 12 | | |
| Motion costs CPLR §8202 | 100 | 00 | Entering and docketing judgment CPLR §8301(a)7 §8016(a) 2 | | |
| Percentage on $ 200 00   at 10% (not exceeding $200 00) | 20 | 00 | Paid for searches CPLR §8301(a) 10 | 400 | 00 |
| additional $800 00   at 5% (not exceeding $800 00) | 40 | 00 | Affidavits & acknowledgments CPLR §8009 | | |
| additional $2,000 00   at 2% (not exceeding $2,000 00 | 40 | 00 | Serving copy summons & complaint CPLR §8011(c) 1 §8301(d) | 150 | 00 |
| additional $5,000 00   at 1% (not exceeding $5,000 00) | 50 | 00 | Note of issue CPLR §8020(a) | | |
| | | | Submit motion CPLR §8020(a) Paid referee's report CPLR §8301(a)12 | 90 | 00 |
| | | | Certified copies of papers CPLR §9301(a)4 | | |
| | | | Satisfaction piece CPLR §5020(a) §8021 | | |
| | | | Transcripts and filing CPLR §8021 | | |
| | | | Certified copy of judgment CPLR §8021 | | |
| | | | Postage CPLR §8301(a)12 | 23 | 00 |
| | | | Jury fee CPLR §802(c) 1 | | |
| | | | Stenographer's fee CPLR §8002 §8301 | | |
| | | | Sheriff's fees on execution CPLR §8011(b) §8012 | | |
| | | | Sheriff's fees, attachment, arrest, etc CPLR §8011(a) (c) 2 3(g) | | |
| | | | Paid printing cases CPLR §8301(a)6 Paid printing case CPLR §8301(a)6 Clerk's fees Court of Appeals CPLR §8301 (a) Paid copies of papers CPLR §8016(a)4 Motion expenses CPLR §8301(b) Fees for publication CPLR §8301(a)3 Serving subpoena CPLR§8011(c)1§8301(d) Paid for Register's Search CPLR§8301(a)10 Paid for County Clerk's Search Paid for Loan Commissioner's Search Paid for U.S District Court Search Paid for U S Circuit Court Search Paid for Tax Search | 30 | 00 |
| | | | Photocopies | 76 | 00 |

COST TAXED AT $2199.00
TIME _____ DAY OF _____
FEB 14 2018
JUDITH A. PASCALE
CLERK OF SUFFOLK COUNTY

COSTS $400.00
DISBURSEMENTS 1,799 00
TOTAL $2199.00

| | | |
|---|---|---|
| ~~$450~~ | 00 | |
| 1,799 | 00 | |
| ~~$2,249~~ | 00 | |

| | |
|---|---|
| 1,799 | 00 |